PS 8 Revised 07
MD/TN Revised 06/13

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs.  Robert Anthony Taylor                                   Docket No.  0650 3:13CR00097 - 21

### Petition for Action on Conditions of Pretrial Release

COMES NOW  Dariel S Blackledge-White                  , PRETRIAL SERVICES OFFICER
presenting an official report upon the conduct of defendant  Robert Anthony Taylor
who was placed under pretrial release supervision by the  Honorable E. Clifton Knowles, U.S. Magistrate Judge
sitting in the Court at **Nashville, Tennessee**          , on  June 03, 2013          , under the following
conditions:  Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Dariel S Blackledge-White | Nashville, TN | May 28, 2014 |
| U.S. Pretrial Services Officer | Place: | Date: |

Next Scheduled Court Event   **Trial**                        June 24, 2014
Event                        Date

---

## PETITIONING THE COURT

☐ No Action

☐ To Issue a Warrant

☐ To issue an order setting a hearing on the petition

☒ Other  The petition dated May 16, 2014, is
superseded to add additional violations.

---

THE COURT ORDERS:

☐ No Action

☐ The Issuance of a Warrant.

    ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshals only)

☒ Other
_The petition is so superseded._

☐ A Hearing on the Petition is set for

_____   _____
Date                       Time

Considered and ordered this  29th  day
of  May  , 2014 , and ordered filed
and made a part of the records in the above
case.

_____
Honorable E. Clifton Knowles
U.S. Magistrate Judge

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Superseding Petition for Action on
TAYLOR, ROBERT ANTHONY
Case No. 3:13-CR-00097-21
May 16, 2014

**The petition dated May 16, 2014, is superseded to include an additional infraction of Violation No. 1 and the addition of Violation No. 2. Additionally, the current status of the case and the probation officer's recommendation sections have been updated.**

On June 3, 2013, defendant Robert Anthony Taylor appeared before Your Honor for an Initial Appearance as a result of being charged with violating Title 21 U.S.C. § 846, Conspiracy to Possess With Intent to Distribute and to Distribute Oxycodone, Hydromorphone, and Oxymorphone, Schedule II Controlled Substances, and Buprenorphine, a Schedule III Controlled Substance. The Government did not file a Motion for Detention, and the defendant was released on a personal recognizance bond with pretrial supervision.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: Refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; defendant shall notify Pretrial Services of any medication prescribed by a physician:**

On May 8, 2014, the defendant submitted a urine screen that was confirmed positive for the presence of oxymorphone. Defendant Taylor also tested positive for buprenorphine, for which he had a previous prescription. He emphatically denies he used any illicit or nonprescribed substances.

On January 23, and again on May 17, 2014, this officer received medical records from the Nashville Therapy Center, located in Nashville, Tennessee. According to medical documentation, on June 27, 2013, Mr. Taylor was prescribed eight 0.5 milligram doses of Suboxone Film and instructed to take ½ of a film twice daily. Dr. Indukuri, the prescribing physician at the Nashville Therapy Center, advised Pretrial Services that Mr. Taylor was only seen on June 27, 2013, and no follow up was conducted.

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Superseding Petition for Action on
TAYLOR, ROBERT ANTHONY
Case No. 3:13-CR-00097-21
May 16, 2014

**Violation No. 2: Submit to any testing required by the pretrial services officer or the supervising officer to determine whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.**

On May 19, 2014, Mr. Taylor reported to the U.S. Probation and Pretrial Services Office for a drug test and submitted a diluted urine screen.

**Current Status of Case:**

A jury trial is scheduled for June 24, 2014, at 9:00 a.m.

**Probation Officer Action:**

The supervising officer has continued to encourage Mr. Taylor to abstain from the use of illicit drugs or nonprescribed narcotics. On May 2, 2014, this officer communicated concerns regarding relapse with the defendant's substance abuse treatment counselor.

On May 8, 2014, the defendant informed the U.S. Probation and Pretrial Services Office Drug Program Assistant (DPA), who administered the urine screen, that he was prescribed Norco 325 milligrams for his dental issues.

On May 15, 2014, this officer contacted the defendant's mother and third-party custodian, Tammy Page, and inquired about the defendant's positive urine screen. Ms. Page informed the defendant was prescribed medication on April 9, 2014, and she opined Mr. Taylor was doing well and had not relapsed. On the same date, the defendant called this officer as requested. Mr. Taylor confirmed that on April 9, 2014, he had dental work completed and was prescribed ten Norco 325 milligram tablets. When this officer asked how many pills the defendant had remaining, he reported he had ½ of a tablet left. The defendant related he would throw the pill out to alleviate any further issues. This officer advised the defendant he could take his medication as prescribed. Mr. Taylor was informed he could not use illicit or nonprescribed substances, and he denied he abused narcotics.

On May 16, 2014, the supervising officer consulted with the DPA and also researched whether ingesting Norco tablets would yield a positive urine screen for oxymorphone. Investigation revealed the defendant's use of Norco would render him positive for opiates as opposed to oxymorphone. Additionally, a request for verification of defendant Taylor's continued participation in the Suboxone clinic was submitted to the treatment provider.

On May 19, 2014, the supervising officer contacted the defendant and requested he provide proof of a remaining Suboxone prescription. As of this writing, this officer has not had any subsequent

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Superseding Petition for Action on
TAYLOR, ROBERT ANTHONY
Case No. 3:13-CR-00097-21
May 16, 2014

contact with the defendant.

**Respectfully Petitioning the Court as Follows**:

Although Mr. Taylor denies he used oxymorphone, on March 8, 2014, he tested positive for the substance. Also, the defendant has continued to test positive for Suboxone, but he has failed to submit an updated prescription to his pretrial services officer. Due to the defendant's continued drug use and his questionable use of Suboxone, Pretrial Services respectfully recommends that Mr. Taylor be ordered to appear before the Court to show cause as to why his bond should not be revoked.

Assistant U.S. Attorney Brent Hannafan has been advised of the above violations.

Approved:

Vidette A. Putman
Supervisory U.S. Probation Officer

xc:     Brent Hannafan, Assistant U.S. Attorney
        Stephanie Gore & Michael Terry, Defense Counsel

# UNITED STATES DISTRICT COURT

MIDDLE _____  District of _____ TENNESSEE _____

United States of America

V.

ROBERT ANTHONY TAYLOR
_____
Defendant

## ORDER SETTING CONDITIONS
## OF RELEASE

Case Number:  3:13-00097-21

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) _____

                                                        Place

_____ on _____

                                                    Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ )  The defendant promises to appear at all proceedings as required and to surrender

(   )  The defendant executes an unsecured bond binding the defendant to pay
                                                        dollar _____ )
in the event of a failure to appear as required or to surrender as directed for

DISTRIBUTION:   COURT      DEFENDANT      PRETRIAL      SERVICES      U.S. ATTORNEY      U.S. MARSHAL

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6)  The defendant is placed in the custody of:

(Name of person or organization) _____

(Address) _____

(City and state) _____  (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____        _____
              Custodian or Proxy                              Date

( X ) (7)  The defendant shall:

(X) (a)  report to the  U.S. Pretrial Services as directed _____ .
telephone number  (615) 736-5771 , not later than _____ .

( ) (b)  execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

( ) (c)  post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described

( ) (d)  execute a bail bond with solvent sureties in the amount of $ _____

(X) (e)  maintain or actively seek employment. or attend school as directed .

( ) (f)  maintain or commence an education program.

(X) (g)  surrender any passport to:  Pretrial Services

(X) (h)  obtain no passport.

(X) (i)  abide by the following restrictions on personal association, place of abode, or travel: Restricted to Middle District of TN unless pre-approved for out of district travel by Pretrial Services

(X) (j)  avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: and co-defendants without prior approval of Pretrial Service

( ) (k)  undergo medical or psychiatric treatment and/or remain in an institution as follows: _____

( ) (l)  return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):

( ) (m)  maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

( ) (n)  refrain from possessing a firearm, destructive device, or other dangerous weapons.

( ) (o)  refrain from ( ) any ( ) excessive use of alcohol.

(X) (p)  refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(X) (q)  submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

(X) (r)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

(X) (s)  refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

( ) (t)  participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
( ) (i) Curfew. You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
( ) (iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

(X) (u)  report as soon as possible to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop. and within 48 hrs.

(X) (v)  Shall permit Pretrial Services Officer to visit you at home or elsewhere at any time, and allow Pretrial Services Officer to confiscate any contraband in plain view.

( ) (w)  _____

( ) (x)  _____

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL

AO 199C   (Rev.6/97) Advise of Penalties . . .

## Advice of Penalties and Sanctions

**TO THE DEFENDANT:**

**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

## Directions to United States Marshal

( x ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _____ June 3, 2013 _____        _____
Signature of Judicial Officer

E. CLIFTON KNOWLES, U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL